**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:18CR339 (RBW) |
| | : | |
| DEVIERRE CHEPPELL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorneys, the United States Attorney

for the District of Columbia and undersigned counsel, hereby submits its memorandum in aid of

sentencing. On March 4, 2026, the Court held a preliminary hearing on Mr. Cheppell's violation

of supervised release. The government presented law enforcement testimony and camera footage

demonstrating that Mr. Cheppell possessed a loaded firearm on July 30, 2025, in violation of his

release conditions. On March 9, 2026, the Court entered a written order revoking Mr. Cheppell's

supervised release. (Docket Entry 34).  The Court set a final revocation[1] and sentencing hearing

for April 2, 2026.

For the reasons stated herein, and based on the 18 U.S.C. § 3583(e) factors, the United

States requests that the Court impose a sentence within the range of 21 to 27 months

imprisonment.

**I.      Background**

On July 23, 2019, Mr. Cheppell pled guilty to unlawful distribution of cocaine base in

violation of 21 U.S.C. § 841. (Docket Entry 15). The parties' 11(c)(1)(c) plea agreement

provided for 75 months imprisonment despite Mr. Cheppell's sentencing guideline range of 151

---

[1] Mr. Cheppell seemingly now concedes he had a firearm. His sentencing memorandum states, "Mr. Cheppell had a handgun because he felt—like millions of Americans feel—that he needed a handgun for protection." (Docket Entry 35 at 9).

to 181 months. (Docket Entry 26 at 6). This range was influenced by Mr. Cheppell's status as a career offender. *Id*. At Mr. Cheppell's sentencing hearing, the government explained that it chose to forego imposition of Mr. Cheppell's career offender status partially because—unlike his revocation violation—the underlying criminal case did not involve a firearm. *Id*. at 6:21-7:6. The government afforded Mr. Cheppell this leniency despite recognizing that earlier lenient treatment had done little to deter his criminal behavior.

> Despite having benefited several times in the past from suspended sentences from the Court, he certainly has received lenient treatment on several occasions from other judges, particularly in DC Superior Court, for his criminal conduct. And to this point, that leniency has seemingly been to no avail. But despite that history, the government does believe that 75 months, which is over six years in prison is, in fact, a serious sentence that will encourage and promote some level of deterrence from future criminal conduct[.]

*Id*. at 6:7-20. The Court questioned whether Mr. Cheppell would be deterred.

> But, you know, this is your twelfth conviction. Many of them are minor offenses. But four of them are serious crimes. Two of them – this is the third time you've been convicted of involving yourself in the distribution of illegal drugs. Why? And along with that, because I don't have to go along with this agreed-upon sentence, why should I believe in light of that history that you're not going to become a continued parasite to society once you get out?

*Id*. at 11:2-10. Mr. Cheppell responded that he was "tired of doing the same thing." He emphasized, "I definitely have the qualifications to do something on the right path, and I've done it plenty of times." *Id*. at 11:11-14.

The Court honored the parties' 11(c)(1)(c) agreement and sentenced Mr. Cheppell to 75 months imprisonment with 5 years' supervised release. According to Bureau of Prisons records, Mr. Cheppell was released from custody on June 2, 2023.[2] Not even half-way through his term of supervised release, he possessed a loaded firearm in violation of his conditions.[3]

---

[2] Federal Bureau of Prisons, Find an Inmate, available at https://www.bop.gov/inmateloc/ (last accessed Mar. 26, 2026).

[3] There are 2 years, 1 month, and 4 weeks between Mr. Cheppell's release from custody on June 2, 2023, and his

## I.    **Discussion and Sentencing Recommendation**

Before revoking or modifying a term of supervised release, courts are to consider the § 3553(a) sentencing factors—except for factors under § 3553(a)(2)(A), or the kinds of sentences available under § 3553(a)(3). *See* 18 U.S.C. § 3583(e). Thus, the factors a court considers include the history and characteristics of the defendant, the nature and circumstances of the offense, the need for the sentence to provide adequate deterrence to criminal conduct, to protect the public from the defendant's future criminal conduct, and to provide the defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(2)(B)-(D), (a)(4).

The Sentencing Commission provides non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1. The Sentencing Commission's policy statements provide a suggested range of terms of imprisonment upon revocation of supervised release based on the defendant's grade of violation and applicable Criminal History Category. *See* U.S.S.G. § 7B1.; U.S.S.G. § 7B1.3(b). Guidelines commentary states "where the defendant is on probation in connection with a felony conviction, or has a prior felony conviction, possession of a firearm . . . will generally constitute a Grade B violation . . . ." U.S.S.G. § 7B1.2 note 5. Likewise, commentary explains "the criminal history category to be used in determining the applicable range of imprisonment in the Probation Revocation Table is the category determined at the time the defendant was originally sentenced to the term of probation." U.S.S.G. § 7B1.5 note 1.

Here, U.S. Probation has determined Mr. Cheppell's sentencing range to be 21 to 27 months based on a Grade B violation and a criminal history category of VI. This is the criminal

---

possession of the firearm on July 30, 2025.

history category that applied to Mr. Cheppell at his 2019 sentencing, and that he avoided by way of an 11(c)(1)(c) agreement. Despite receiving leniency in 2019, Mr. Cheppell has proven undeterred and has continued to engage in criminal conduct detrimental to the public. Thus, the government recommends a sentence within the guideline range of 21 to 27 months.

## II.    Conclusion

For all of the reasons outlined above, the United States respectfully submits that Mr. Cheppell should be sentenced to a term within the guideline range of **21** to **27** months imprisonment.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/  Colleen Bloss*
Colleen Bloss
TX Bar No. 24082160
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7063
colleen.bloss@usdoj.gov

4